ACCEPTED
03-14-00654-CR
7286107
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/8/2015 10:54:21 AM
JEFFREY D. KYLE
CLERK

# No. 03-14-00654-CR

In the Court of Appeals for the Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/8/2015 10:54:21 AM
JEFFREY D. KYLE
Clerk

## James Palacio,
Appellant

v.

## The State of Texas,
Appellee

Appeal from the 427th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-14-904021
Honorable Judge Jim Coronado, Presiding

## STATE'S BRIEF

**Rosemary Lehmberg**
District Attorney
Travis County, Texas

**Matthew Foye**
Assistant District Attorney
State Bar No. 24043661
P.O. Box 1748
Austin, Texas 78767
512-854-9400 (phone)
512-854-4810 (fax)
Matthew.Foye@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

*Oral argument is conditionally requested*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................iii

STATEMENT REGARDING ORAL ARGUMENT......................iv

NOTE CONCERNING ABBREVIATIONS .............................. iv

SUMMARY OF THE STATE'S ARGUMENT ........................... 1

STATE'S ARGUMENT ...................................................... 2

Reply to Point of Error....................................................... 2

    The evidence is sufficient to prove that Appellant used or
exhibited a deadly weapon during the commission of the offense.
................................................................................. 2

        Standard of Review for Sufficiency....................................... 3

        Evidence Supporting a Deadly Weapon................................ 4

        Conclusion ..................................................................... 7

PRAYER ...................................................................... 7

CERTIFICATE OF COMPLIANCE AND SERVICE................... 8

## INDEX OF AUTHORITIES

**Cases**

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ................3
*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) ...................3
*Jackson v. Virginia*, 443 U.S. 307 (1979).....................................3

**Statutes**

Tex. Penal Code §1.07.................................................................4

## STATEMENT REGARDING ORAL ARGUMENT

The State believes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs filed by the parties. Therefore, the State is not requesting oral argument. However, if the Court grants Appellant's request for oral argument, the State respectfully requests that the State also be permitted oral argument.

## NOTE CONCERNING ABBREVIATIONS

In this brief, the State refers to the Clerk's Record as "CR" followed by the page number (e.g., CR 123). The State refers to the Reporter's Record as "RR" followed by the volume and then by the page number (e.g., RR v.4, 567). The State refers to trial exhibits by their Exhibit label and, if the exhibit is an audio or video recording, will also notate the timestamp at which the reference begins (e.g., State Ex. 1, 00:23:45).

**No. 03-14-00654-CR**

In the Court of Appeals for the Third District
Austin, Texas

---

**James Palacio,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 427th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-14-904021
Honorable Judge Jim Coronado, Presiding

---

**STATE'S BRIEF**

---

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief in response to that of Appellant.

## SUMMARY OF THE STATE'S ARGUMENT

***Point of Error:*** Appellant argues that the evidence is insufficient to prove a deadly weapon was used or exhibited during the commission of the offense.

1

**Reply:** In the light most favorable to the verdict, the evidence and reasonable inferences show that Appellant broke almost every rib in Ms. McKee's body using his hand, arm, body, or the ground; that these injuries led to pneumonia and cardiac arrest; and that Ms. McKee died from these complications. Therefore, the evidence is legally sufficient to prove that Appellant used or exhibited his hand, arm, body, or the ground as a deadly weapon in this case.

**STATE'S ARGUMENT**

**REPLY TO POINT OF ERROR**

**The evidence is sufficient to prove that Appellant used or exhibited a deadly weapon during the commission of the offense.**

The deadly weapon allegation in the indictment in this case read as follows:

> James Palacio did then and there use or
>
> exhibit a deadly weapon, to wit: a hand, an
>
> arm, a body, and the ground, which in the
>
> manner of its use or intended use was capable

2

of causing serious bodily injury during the commission of said offense…

CR 5.

## Standard of Review for Sufficiency

In reviewing the sufficiency of the evidence to support a conviction, all of the evidence is viewed in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Courts should "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). When the record supports conflicting inferences, the presumption is that the factfinder resolved the conflicts in favor of the prosecution and courts should defer to that determination. *Jackson*, 443 U.S. at 326.

3

**Evidence Supporting a Deadly Weapon**

A deadly weapon is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code §1.07(17)(B). Serious bodily injury is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily organ. Tex. Penal Code §1.07(46).

Appellant told police that he grabbed Nicole McKee and they fell. Appellant landed on top of Ms. McKee. He felt his elbow go up into her chest and he felt her ribs move. Appellant said that he broke something when they hit the ground and that Ms. McKee gasped and was having trouble breathing. RR v.7, 100-01. Appellant said "that probably could have killed her." State Ex. 20B (00:28:16).

Appellant eventually called EMS. Paramedic Stephen Schiller testified that Ms. McKee was "unresponsive and pulseless, not breathing." RR v.6, 251. Ms. McKee was in cardiac arrest, and Schiller gave her four doses of epinephrine. RR v.6, 257. Emergency

4

personnel performed CPR on Ms. McKee for twenty minutes and were able to resuscitate her. RR v.6, 251. Ms. McKee, however, never regained consciousness. RR v.6, 265.

Travis County Sheriff's Office Detective Jim Anderson testified that he stayed at the hospital where Ms. McKee was being treated for several hours and that "they were losing pulse several times and had to revive her several times." RR v.7, 28. Ms. McKee did not survive the night. *Id.* He also testified that, based on his training and experience, a hand, an arm, a body, and the ground could, in the manner if their use, cause death or serious bodily injury. RR v.7, 60-1.

Medical Examiner Dr. Satish Chundru testified that there was bruising all over Ms. McKee's body. RR v.8, 78-90. Ms. McKee had seventeen fractured ribs. RR v.8, 92-4. Dr. Chundru stated that the rib fractures were "pretty severe" and that a person with those injuries "would have difficulty breathing" and "a lot of pain." RR v.8, 96. Dr. Chundru testified that cracked ribs can be life threatening and that someone with cracked ribs who does not receive treatment can develop pneumonia, an infection of the lungs. RR v.8, 110. He testified that Ms. McKee had pneumonia. RR v.8, 97. Dr. Chundru

5

further testified that the cause of death was "complications of blunt force chest injuries." RR v.8, 104. He testified that hands, arms, a body, or the ground could each constitute a deadly weapon if used to cause her injuries. RR v.8, 104-5.

Dr. Chundru also testified that Ms. McKee's pneumonia and injuries could not have resulted from a previous car accident because "that would be way too old," and either the pneumonia would have resolved or she would have passed away back then. RR v.8, 98-9. Dr. Chundru testified that her injuries did not come from heroin use either, as the rare times heroin–using patients have pneumonia it's "just starting to start up" while Ms. McKee's pneumonia was "widespread and everywhere." RR v.8, 99-100. Further, there was no heroin in Ms. McKee's body. RR v.8, 102. Dr. Chundru's testimony also disproved the the theory that Ms. McKee could have suffered broken ribs during CPR which caused the pneumonia. Dr. Chundru testified that one of the first things the hospital did upon receiving Ms. McKee was an X-ray which showed the pneumonia already well developed and a person cannot develop pneumonia if they are "unresponsive or dead." RR v.8, 103.

**Conclusion**

In the light most favorable to the verdict, the evidence and reasonable inferences drawn therefrom show that Appellant broke almost every rib in Ms. McKee's body using his hand, arm, body, or the ground; that these injuries led to pneumonia and cardiac arrest; and that Ms. McKee died from these complications. Therefore, the evidence is legally sufficient to prove that Appellant used or exhibited his hand, arm, body, or the ground as a deadly weapon in this case.

**PRAYER**

The State requests that the Court overrule Appellant's point of error and affirm the trial court's judgment.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

*/s/ Matthew Foye*
**Matthew Foye**
Assistant District Attorney

7

State Bar No. 24043661
P.O. Box 1748
Austin, Texas 78767
512-854-9400 (phone)
512-854-4810 (fax)
Matthew.Foye@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this brief contains 1,051 words, based upon the computer program used to generate this brief and excluding words contained in those parts of the brief that Texas Rule of Appellate Procedure 9.4(i) exempts from inclusion in the word count, and that this brief is printed in a conventional, 14-point typeface.

I further certify that, on the 8th day of October, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, telephonic document transmission, or electronically through the electronic filing manager, to Appellant's attorney, Linda Icenhauer–Ramirez, 1103 Nueces Street, Austin, Texas, 78701, *ljir@aol.com*.

*/s/ Matthew Foye*
**Matthew Foye**
Assistant District Attorney